UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

VICTORY ENERGY OPERATIONS, LLC, )
)
        **Plaintiff,** )
)
v. )   Case No. 24-CV-0088-CVE-JFJ
)
WN MECHANICAL SYSTEMS, INC., )
)
        **Defendant.** )

**OPINION AND ORDER**

Before the Court is defendant's motion to transfer venue under 28 U.S.C. § 1404(a) (Dkt. # 19), plaintiff's response opposing transfer (Dkt. # 27), and defendant's reply (Dkt. # 30). For the reasons set forth below, defendant's motion to transfer venue is denied.

**I.**

Plaintiff Victory Energy Operations, LLC (VEO) is a Delaware limited liability company that does business in Oklahoma. Dkt. # 21. Defendant WN Mechanical Systems, Inc. (WN) is a Nevada corporation with a principal place of business in Nevada. Dkt. # 14. The parties entered into a contract– the Firetube Representative Distribution Agreement ("Firetube Agreement")–on February 24, 2020,[1] whereby defendant became the exclusive distributor of plaintiff's boilers and engineering services in regions of Nevada and California. Dkt. # 27, at 1; Dkt. # 27-2, at 17. The Firetube Agreement authorizes defendant to place purchase orders for plaintiff's goods and engineering services, and requires defendant to pay plaintiff upon receipt of invoices for these orders. Dkt. # 2-1,

---

[1] Defendant disputes that it entered into a contract on this date "as phrased by [p]laintiff," but concedes that it entered into an agreement with plaintiff "to provide a total of five [] [boiler] units to the Ely State Prison" located in Ely, Nevada. Dkt. # 11, at 1. Defendant also disputes that the Firetube Agreement forms the basis for the instant suit. However, plaintiff has sufficiently established that its original complaint alleged a breach of the Firetube Agreement. See infra n.3

at 2, Dkt. # 27-2, at 13.  The Firetube Agreement contains a forum selection clause that states that "[t]his agreement shall be interpreted and construed under and by the virtue of the substantive laws of the State of Oklahoma, USA regardless of the location of [defendant], and will be deemed for such purposes to have been made, executed and to be performed in Tulsa County, Oklahoma." Dkt. # 27-2, at 6.  The clause also provides that "[a]ll claims, disputes and other matters in question arising out of or relating to this agreement will be decided by proceedings instituted and litigated in a court of competent jurisdiction in Tulsa County, Oklahoma." Id.  Additionally, each purchase order and invoice contains an attached form forum selection clause requiring claims to be brought in Tulsa County, Oklahoma.² Dkt. # 27, at 2.

Plaintiff alleges that defendant failed to pay several invoices for goods and engineering services plaintiff provided from August 13, 2021, through December 27, 2022, in an alleged outstanding amount of $89,789.17.  On January 24, 2024, plaintiff filed the instant suit in the District Court for Tulsa County, alleging claims of breach of contract and unjust enrichment. Dkt. # 2-1, at 2-3.  On March 1, 2024, defendant timely filed a notice of removal on the basis of diversity jurisdiction.  Dkt. # 2, at 2.  Defendant filed an answer and counterclaim, denying plaintiff's allegations and asserting that plaintiff materially breached the parties' contract by providing nonfunctional and inadequate boiler equipment for the Ely State Prison in Nevada.  Defendant

---

² The forum selection clause attached to each invoice states: "This Order is to be interpreted in accordance with, and its administration and performance governed by, the laws of the State of Oklahoma without regards [sic] to its conflict of laws provisions. The parties hereto agree that the state and federal courts located in Tulsa County, Oklahoma, shall be the exclusive forum for any cause of action filed in any court of law or equity arising out of the execution of or performance under this Order." Dkt. # 27-1, at 2.

alleges that it incurred significant costs to replace the equipment and hire external contractors, which cost an amount exceeding what defendant allegedly owes. Dkt. # 20, at 1-2.

On April 5, 2024, defendant filed a motion to transfer venue to the United States District Court for the District of Nevada. Dkt. # 19. Defendant advances numerous bases for its motion, including that the harm from plaintiff's failure to perform its obligations occurred exclusively in Ely, Nevada. Defendant claims that at least seven contractors, five engineers, and eight Ely State Prison officials have first-hand knowledge of the facts and circumstances of the case, and they are all located in Nevada. Dkt. # 19, at 2-3. Defendant also claims that this Court's case backlog favors transfer to the District of Nevada, and that local courts determining questions of local law favors transfer to Nevada. Id. at 8-9. Plaintiff opposes the motion because the parties' Firetube Agreement contains a forum selection clause designating courts in Tulsa, Oklahoma as the proper venue for claims brought under the contract. Plaintiff also counters that many of the fact witnesses pertaining to the manufacture of the boilers are located in Oklahoma, that the case backlog in this Court is not substantially different than the backlog in Nevada, and that the parties' contracts contain Oklahoma choice of law provisions. Plaintiff contends that the parties' various agreements are enforceable and that, regardless, the Court must resolve factual conflicts in favor of plaintiff in considering defendant's motion. Dkt. # 27, at 10. Defendant filed a reply on May 28, 2024, asserting again that the forum selection clauses and choice of law provisions are unenforceable under Nevada state law, and that the discretionary factors still weigh in favor of transfer. Dkt. # 30.

## II.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

3

where it might have been brought or to any district or division to which all parties have consented." [A] proper application of § 1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59–60 (2013). Courts generally enforce a mandatory forum selection clause unless the party challenging the clause "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Niemi v. Lasshofer, 770 F.3d 1331, 1351 (10th Cir. 2014) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). Under Oklahoma law, "[i]f a contract was not negotiated by the parties, or is the result of overreaching or of the unfair use of unequal bargaining power, or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the action, it may be found invalid. Adams v. Bay, Ltd., 60 P.3d 509, 510-11 (Okla. Civ. App. 2002).

The mandatory forum selection clauses contained in both the Firetube Agreement and the invoices are reasonable and should be enforced. Defendant argues that the parties' contracts and invoices are unconscionable adhesion contracts that were not bargained for by the parties or supported with consideration. This is plainly inaccurate based on the law and limited factual record. "An adhesion contract is a standardized contract prepared entirely by one party to the transaction for the acceptance of the other." Williams v. TAMKO Bldg. Prod., Inc., 451 P.3d 146, 154 (Okla. 2019) (quoting Max True Plastering Co. v. U.S. Fid. & Guar. Co., 912 P.2d 861, 864 (Okla. 1996)). Under Oklahoma law, an adhesion contract is not unconscionable or unenforceable by default. Lloyd v. Northrop Grumman Sys. Corp., No. CIV-07-887-C, 2008 WL 320021, at *2 (W.D. Okla. Feb. 4, 2008). An adhesion contract is unconscionable when clauses are so one-sided as to oppress or unfairly surprise one of the parties at the time of making the contract and in light of the general

4

commercial background of a particular case. Williams, 451 P.3d at 154. The Firetube Agreement grants defendant distribution rights for certain of plaintiff's products of various designs, and contains a commission scale based on a percentage of the value of its completed orders. Dkt. # 27-2, at 16.[3] The invoices similarly reflect sales of products based on the purchase orders. While the Firetube Agreement and invoices may be form agreements appearing to have been prepared by plaintiff, the clauses therein are not unconscionable.

It is further apparent that the forum chosen by the parties is not seriously inconvenient for adjudication. Though defendant argues that all of its alleged harm occurred in Nevada and that all fact witnesses and evidence are located in Nevada, its primary claim is that the boilers are defective. Defendant concedes that the boilers are both manufactured in and shipped from Oklahoma. This

---

[3] Defendant argues that the invoices–and not the Firetube Agreement–form the basis of plaintiff's complaint and therefore the "unconscionable" forum selection clauses therein should be voided. That the invoices alone form the basis of the complaint is disputed by plaintiff. While plaintiff's original complaint did not explicitly name the Firetube Agreement, it alleged that defendant breached a contract that the parties entered into on February 24, 2020. This date matches the date the Firetube Agreement was executed. See Dkt. # 2-1, at 2; Dkt. # 27-2, at 8. Plaintiff then attached the Firetube Agreement in its response to the instant motion, which is signed and agreed to by the parties.

The Firetube Agreement is a distribution agreement that establishes the parties' contractual relationship and provides the general terms of sale for subsequent purchase orders. See Dkt. # 27-2, at 13. Accordingly, defendant's argument that it placed a unique purchase order and unknowingly agreed to terms and conditions is controverted by the record. The parties had already entered into a bargained-for contract that provided terms for the purchase, order, and distribution of the boilers. See Rogers v. Dell Computer Corporation, 138 P.3d 826 (Okla.2005). It is clear that the terms of the forum selection clause applied to any subsequent disputes over completion of performance or payment. Dkt. # 27-2, at 13. Additionally, the forum selection clauses in the invoices mirror the one in the Firetube Agreement, and in no way materially alter the parties' original contract.

district, therefore, is not seriously inconvenient, as factual issues pertaining to the alleged defects would require witnesses to and evidence of the manufacturing process in Oklahoma.[4]

Defendant argues that a Nevada statute, NEV. REV. STAT. ANN. § 108.2453 (West 2023), renders the forum selection clause void. This statute, however, is a lien statute not obviously at issue in this case.[5] The Court finds that the forum selection clause is enforceable.

---

[4]  Additionally, plaintiff's claims arise from defendant's alleged failure to pay invoices, which are due upon notification of readiness to ship from Oklahoma. Dkt. # 27, at 10-11.

[5]  "Nevada Revised Statute [sic] chapter 108 sets forth Nevada's rules governing statutory liens. Sections 108.221 to 108.246 concern mechanic's and materialmen's liens. Except as otherwise provided in these sections, a party's rights, obligations, and liabilities may not be waived or modified. . . . The purpose of statutes like [NEV. REV. STAT. ANN. § 108.2453 (West 2023)] is to protect local subcontractors from forum selection clauses in construction contracts with large, national general contractors." Bridgewell Res. LLC v. Tanamera Constr., LLC, No. 3:20-CV-00518-YY, 2021 WL 3701360, at *16, *50 (D. Or. June 1, 2021), report and recommendation adopted, No. 3:20-CV-518-YY, 2021 WL 3215087 (D. Or. July 29, 2021). NEV. REV. STAT. ANN. § 108.2453 (West 2023) voids forum selection clauses in contracts "for the provision of work, materials or equipment for a work of improvement." The chapter defines improvement as:

> 'Improvement' means the development, enhancement or addition to property, by the provision of work, materials or equipment. The term includes, without limitation: '[a] building, railway, tramway, toll road, canal, water ditch, flume, aqueduct, reservoir, bridge, fence, street, sidewalk, fixtures or other structure or superstructure;

NEV. REV. STAT. ANN. § 108.2212 (West 2023).

Defendant argues that boilers are fixtures, and that the parties' contracts fall within the scope of NEV. REV. STAT. ANN. § 108.2453 (West 2023). However, this is an oversimplification of the statutory language. Under the statute, "an agreement for the improvement of property is an agreement for the development, enhancement, or addition to property by the provision of work, materials, or equipment." Bridgewell, 2021 WL 3701360 at *50. A contract merely providing equipment that is later used in a property is not equivalent to a contract providing materials for the development, enhancement or addition to property. Id. ("Here, the contract does not concern the construction, alteration, or repair of an entire structure or scheme of improvement as a whole. The contract only concerns the provision of framing materials.") The Firetube Agreement provides only for the sale of plaintiff's boilers and provision of

**III.**

Even if the forum selection clause were unenforceable, the § 1404(a) discretionary factors weigh in favor of denying transfer. "The district court has discretion to consider convenience and fairness in an 'individualized, case-by-case' manner." Morrison Constr. Co. v. BluRock Concrete, LLC, 380 F. Supp. 3d 1155, 1161 (N.D. Okla. 2019) (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)). The party moving to transfer "bears the burden of establishing that the existing forum is inconvenient." Id. "However, merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue." Id.

Courts must weigh various discretionary factors when considering a motion to transfer, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010).

---

limited engineering services in a certain geographic area of Nevada and California. The invoices note only that boilers will be shipped to the Ely State Prison in Nevada. Neither the Firetube Agreement nor the invoices are contracts for the actual development, enhancement, or addition to property. Dkt. # 27-1, at 1. Defendant has failed to provide any other contract or agreement indicating otherwise. The Court finds that NEV. REV. STAT. ANN. § 108.2453 (West 2023) is inapplicable to the parties' contract.

Here, the plaintiff's choice of forum weighs against transfer. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." Id. "A plaintiff's choice of forum is [] accorded less deference [only] if the plaintiff itself does not reside in the district or where the facts giving rise to the lawsuit have no material relation or significant connection to the chosen forum." Morrison, 380 F. Supp. 3d at 1161. Plaintiff does business in Oklahoma, manufactures and ships boilers in and from Oklahoma, and prepares its invoices in Oklahoma. This was known to defendant at the time the parties entered into the Firetube Agreement. Because the suit has material relation and significant connection to this district, plaintiff's choice of forum should not be disturbed. Id.

As stated infra, defendant has not established that the convenience, accessibility of witnesses, and cost of making the necessary proof weigh in favor of transfer. Indeed, defendant has identified numerous fact witnesses located in Nevada who could testify to the alleged difficulties with the installation of the boilers. However, one of defendant's primary counterclaims is that the boilers and equipment were defective. These boilers are manufactured in Oklahoma and shipped from Oklahoma; while the allegedly defective boilers are now located in the Ely State Prison in Nevada, the manufacturing process still occurred in this state. Plaintiff has also affirmed that many fact witnesses and the manufacturing process evidence is located in Oklahoma.[6] Defendant has not offered any reason why the inconvenience to plaintiff's witnesses is less compelling than the inconvenience to defendant's witnesses. Additionally, defendant has failed to demonstrate that

---

[6] Defendant asserts in its reply that "virtually all of the facts [p]laintiff points to can be proven via documents and do not require witness testimony." Dkt. # 30, at 5. Defendant's assertion is cavalier, especially in light of defendant's counterclaim for breach of contract based on defective boilers.

transferring the case will not merely shift costs from defendant to plaintiff, or that plaintiff is somehow better equipped to bear the costs. See Morrison, 380 F. Supp. 3d at 1162. These factors weigh against transfer.

The other discretionary factors are either neutral or irrelevant to the case. The undersigned's docket is not congested, and by defendant's own admission, there appear to be no obstacles to a fair trial or issues with the enforceability of a judgment. As to the advantage of a local court applying local law, the factor is fairly neutral. The Firetube Agreement contains an Oklahoma choice of law provision and the manufacturing of the boilers and defendant's alleged breach of contract occurred in Oklahoma. However, the boilers were installed in Nevada and defendant's claims originate in Nevada. With respect to conflict of laws, defendant has conceded that there is no substantial difference between Nevada and Oklahoma state law for breach of contract claims. Dkt. # 19, at 10. Defendant has raised no other factual or practical considerations favoring transfer. Accordingly, the remaining factors are neutral and do not weigh in favor of or against transfer. For the reasons set forth above, the Court finds that defendant has not demonstrated that transfer is appropriate pursuant to § 1404(a).

**IT IS THEREFORE ORDERED** that defendant's motion to transfer venue (Dkt. # 19) is **denied.** A scheduling order will be entered forthwith.

**DATED** this 6th day of June, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE